UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHEN KERR EUGSTER,<br><br>Plaintiff,<br><br>v.<br><br>PAULA LITTLEWOOD, Executive Director, Washington State Bar Association (WSBA), in her official capacity; DOUGLAS J. ENDE, Director of the WSBA Office of Disciplinary Counsel, in his official capacity; Francesca D'Angelo, Disciplinary Counsel, WSBA Office of Disciplinary Counsel, in her official capacity,<br><br>Defendants. | NO: 2:15-CV-0352-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 16). This matter was submitted for consideration without oral argument. Plaintiff, a licensed attorney in the state of Washington, is proceeding *pro se*. Defendants are represented by Paul J. Lawrence, Jessica A. Skelton, and Taki V. Flevaris. The

Court—having reviewed the briefing, the record, and files therein—is fully informed.

## BACKGROUND

On December 22, 2015, Plaintiff filed suit against Defendants, officials of the Washington State Bar Association ("WSBA"), alleging violation of his constitutional rights. ECF No. 1; *see* ECF No. 8 (amended complaint). Plaintiff's "Amended and Restated Complaint for Declaratory Relief and Injunction" asserts violations of his civil rights as "protected by 42 U.S.C. § 1983, the First and Fifth Amendments to the United States Constitution, and Washington State Constitution Art. I, Section 1 and Section 2." ECF No. 8 at 2. Specifically, Counts One and Two of the amended complaint seek a declaratory judgment that the WSBA Washington Lawyer System is unconstitutional because the Discipline System (1) "Does Not Pass Strict Scrutiny;" *see id.* at ¶¶ 160-73, and (2) "violates procedural due process," *see id.* at ¶¶ 174-89. Additionally, Count Three seeks to enjoin Defendants "from using the WSBA Lawyer Discipline System" against Plaintiff. *See id.* at ¶¶ 190-91.

Defendants' motion asserts Plaintiff's claims should be dismissed (1) due to a lack of standing; (2) pursuant to the doctrine of res judicata; and (3) for failure to state a claim upon which relief can be granted. ECF No. 16 at 2. Defendants further argue that the Court should dismiss Plaintiff's entire complaint under the

*Younger* abstention doctrine to avoid interference with ongoing bar proceedings against Plaintiff. *See id.* at 17-20.

**FACTS**[1]

Plaintiff is a licensed attorney and has been a member of the WSBA since 1970. ECF No. 8 at ¶ 17. Defendants are employed by the WSBA. *Id.* at ¶ 12. Specifically, Paula Littlewood is the Executive Director; Douglas Ende is Chief Disciplinary Counsel; and Francesca D'Angelo is Disciplinary Counsel. *Id.* at ¶¶ 13-15.

There are a number of prior cases between Plaintiff and the WSBA and its officers. The first appears to have occurred in 2005 when the WSBA charged Plaintiff with numerous counts of attorney misconduct. *See In re Disciplinary Proceeding Against Eugster*, 166 Wash.2d 293, 307 (2009). The WSBA Disciplinary Board unanimously recommended Plaintiff be disbarred, *id*. at 311,

---

[1] The following facts are principally drawn from Plaintiff's amended complaint (ECF No. 8), as well as the matters of judicial notice and materials incorporated by reference and attached for this Court's review by Defendants, and are accepted as true for the instant motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003).

but, in June 2009, five justices of the Washington Supreme Court decided instead to suspend Plaintiff from the practice of law for 18 months. *Id.* at 327-28.

In May 2006, in an unrelated matter, another WSBA grievance was filed against Plaintiff. *See* E.D. Wash, Case No. 2:09-CV-0357-SMM, ECF No. 30 at 2. After the Washington Supreme Court entered its June 2009 decision in the other matter described above, the WSBA conducted an investigation and on December 21, 2009, dismissed the May 2006 grievance. *Id.*

In the meantime, on December 2, 2009, Plaintiff filed suit against the WSBA, WSBA Board of Governors, and Washington Supreme Court Justices, alleging that the WSBA's attorney discipline system as it stands, and as applied, violates Plaintiff's due process rights under the Fifth and Fourteenth Amendments. E.D. Wash, Case No. 2:09-CV-0357-SMM, ECF No. 1. The district court dismissed the matter after finding Plaintiff lacked Article III standing. *Id.*, ECF No. 30 at 18. The Ninth Circuit affirmed. *Eugster v. Washington State Bar Ass'n,* 474 Fed. App'x 624 (9th Cir. 2012).

On September 23, 2014, another WSBA grievance was filed against Plaintiff. ECF No. 8 at ¶ 123. This grievance was filed by Cheryl Rampley, the niece-in-law of a client who retained Plaintiff two weeks prior. *Id.* at ¶¶ 122-23.

On November 21, 2014, Plaintiff alleges he received a letter from Kevin Bank, Managing Disciplinary Counsel, stating he had "been assigned to complete this investigation," regarding the Rampley grievance. *Id.* at ¶ 127.

On March 12, 2015, Plaintiff filed another lawsuit against the WSBA, various officers, and the justices of the Washington Supreme Court, this time in the Western District of Washington. *See* W.D. Wash., Case No. 2:15-CV-0375-JLR, ECF No. 1. Plaintiff claims the subject of this action concerned whether his "fundamental right not to associate was being violated by his compelled membership in the WSBA and [his] freedom of speech rights were being violated by his compelled dues to the WSBA." ECF No. 8 at ¶ 135.

Plaintiff alleges Defendants were aware of the commencement of this lawsuit. *Id.* at ¶¶ 138-39. Plaintiff further alleges that "[s]hortly after the filing of the complaint, on April 3, 2015, Vanessa Norman, an investigator for the WSBA, informed Plaintiff that she had been assigned to investigate the [Rampley] complaint." *Id.* at ¶ 40. Subsequently, Plaintiff received correspondence from Defendant D'Angelo that advised she too had been assigned to the investigation concerning the Rampley grievance. *Id.* at ¶¶ 142-44. Plaintiff alleges that it was not until after the filing of his lawsuit in the Western District that Plaintiff was told by Vanessa Norman that an investigation had been started against him regarding

the Rampley grievance, and argues that the WSBA acted in retaliation when it initiated its Rampley investigation. *Id.* at ¶149-50.

In September 2015, the district court in the Western District of Washington dismissed Plaintiff's complaint with prejudice. *See* W.D. Wash., Case No. 2:15-CV-0375-JLR, ECF Nos. 23, 24. Plaintiff appealed to the Ninth Circuit, *id.* at ECF No. 27, and that appeal remains pending.

On November 5, 2015, Plaintiff received a letter from Defendant D'Angelo stating she planned to ask a Review Committee to order the Rampley grievance to hearing. ECF No. 8 at ¶ 154.

Just four days later, on November 9, 2015, Plaintiff filed another lawsuit against the WSBA and its employees, this time in Spokane County Superior Court. *See Eugster v. WSBA*, No. 15204514-9 (Spok. Cnty. Super. Ct. 2015). Plaintiff sought a judgment "declaring the WSBA Washington Lawyer Discipline System unconstitutional because (1) the Discipline System does not pass strict scrutiny and because (2) the Discipline System violates a lawyer's right to due process of law." *See* ECF No. 16-2 at 2, 26-45. Plaintiff also sought damages. *Id.* at 44. The superior court ultimately dismissed the suit with prejudice after concluding that exclusive jurisdiction over matters of lawyer discipline rests with the Washington Supreme Court, that Plaintiff already had been afforded an opportunity to raise his constitutional concerns with the Washington Supreme Court in his prior

disciplinary proceedings, and that the WSBA officials were immune from Plaintiff's damages claims. *See* ECF No. 16-3. Plaintiff appealed that decision to Division III of the Washington Court of Appeals where it remains pending. *See* ECF Nos. 16 at 6; 17 at 3.

On January 29, 2016, the Review Committee ordered a public hearing concerning the Rampley grievance. ECF Nos. 8 at ¶ 158; 17-1 at 160. The WSBA Office of Disciplinary Counsel has not yet served a complaint on Plaintiff. ECF Nos. 8 at ¶ 159; 17 at 16-19. Defendants claim "the complaint is being prepared and a hearing is forthcoming." ECF No. 18 at 8.

## DISCUSSION

### A. Standards of Review

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a

probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. *See id.* at 675. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted). Generally, in ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In contrast, when addressing a motion to dismiss for lack of subject matter jurisdiction, the court is not bound by the plaintiff's factual allegations. Pursuant to Rule 12(b)(1), the Court "may 'hear evidence regarding jurisdiction' and

'resolv[e] factual disputes where necessary.'" *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). A Rule 12(b)(1) motion may be either facial, where the court's inquiry is limited to the allegations in the complaint; or factual, where the court may look beyond the complaint to consider extrinsic evidence. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Accordingly, in deciding jurisdictional issues, the court is not bound by the factual allegations within the complaint. *Augustine*, 704 F.2d at 1077.

**B. Analysis**

As a preliminary matter, Defendants set forth multiple arguments asserting that the Court lacks subject matter jurisdiction over Plaintiff's claims. Because such arguments concern the scope of the Court's jurisdiction, the Court will address these defenses first in order to determine if it can reach the remaining defenses raised by Defendants.

Defendants argue Plaintiff's claims should be dismissed because they were already adjudicated in prior litigation, and, consequently, are now barred by the doctrine of res judicata. ECF No. 16 at 14-16. Specifically, Defendants refer to the September 2015 dismissal of the federal lawsuit Plaintiff filed in the Western District of Washington (W.D. Wash., Case No. 2:15-CV-0375-JLR) and the June 2009 decision in Plaintiff's prior disciplinary proceedings before the Washington

Supreme Court (*In re Disciplinary Proceeding Against Eugster*, 166 Wn.2d 293, 307 (2009)). *Id.*

The Court agrees that res judicata bars Plaintiff's claims, but finds that it is the most recent judgment, the April 2016 dismissal by the state court, *see* ECF No. 16-3, that now precludes the instant action. *See Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529-30 (9th Cir. 1985) (holding courts should give res judicata effect to the last previous judgment entered if the same claim or issue has been litigated in multiple courts).

Here, in late 2015, Plaintiff filed both the instant action and the state court action. However, a plaintiff does not have the right to actively pursue parallel state and federal actions both to judgment simultaneously. *See Ollie v. Riggin*, 848 F.2d 1016, 1017 (9th Cir. 1988) (noting that plaintiff's section 1983 action would be precluded if there had been a final state judgment on the merits upon which res judicata could have been applied when simultaneous actions were filed). When simultaneous actions are filed, as here, each case proceeds on its own course, and then there is a race to judgment. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1151 (9th Cir. 2007). In this case, the state court issued judgment first.

Importantly, federal courts are required by statute to give res judicata effect to the judgments of state courts. *See* 28 U.S.C. § 1738; *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Indeed, "[i]t is now settled that a federal court must give to a state-

court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) (explaining federal courts "…determine the preclusive effect of a state court judgment by applying that state's preclusion principles."). Accordingly, this Court will apply Washington law to analyze the preclusive effect of the state court's judgment.

In Washington, res judicata, also known as claim preclusion, "refers to the preclusive effect of judgments, including the relitigation of claims and issues that were litigated, or might have been litigated, in a prior action." *Loveridge v. Fred Meyer, Inc.*, 125 Wash.2d 759, 763 (1995) (quotation and citation omitted). The purpose of the doctrine is "to prevent piecemeal litigation and ensure the finality of judgments." *Spokane Research & Def. Fund v. City of Spokane*, 155 Wash.2d 89, 99 (2005) (citation omitted). A second action must be dismissed on res judicata grounds if it is "identical with the first action in the following respects: (1) persons and parties; (2) cause of action; (3) subject matter; and (4) the quality of the persons for or against whom the claim is made." *Id.* "Res judicata also requires a final judgment on the merits." *Karlberg v. Otten*, 167 Wash. App. 522, 536 (2012) (citation omitted).

Here, as a threshold matter, the state court action was dismissed with prejudice, *see* ECF No. 16-3 at 4, which constitutes a final judgment on the merits, *see Hisle v. Todd Pacific Shipyards Corp.*, 151 Wash.2d 853, 865 n.10 (2004) (citation omitted).[2] Moreover, the first element is satisfied as both suits involve the same parties, with the only difference being the inclusion of the WSBA itself as a named defendant in the state court action. Likewise, the quality of persons is identical because the parties in this action are bound by the judgment in the first suit, satisfying the fourth element. *See Ensley v. Pitcher*, 152 Wash. App. 891, 905 (2009) (the "identity and quality of parties" requirement is better understood as a determination of who is bound by the first judgment—all parties to the litigation plus all persons in privity with such parties).

As for the third element, the Court finds that the subject matter between the two cases is identical. While Washington courts have not articulated a precise test

---

[2] While Plaintiff appealed this judgment, Washington law dictates that the pendency of an appeal does not suspend or negate the res judicata effect. *See Lejeune v. Clallam Cnty.*, 64 Wash. App. 257, 265-66 (1992) (explaining a judgment becomes final for res judicata purposes at the beginning, not the end, of the appellate process, although res judicata can still be defeated by later rulings on appeal).

to determine whether subject matter is identical, "[t]he critical factors seem to be the nature of the claim or cause of action and the nature of the parties." *Marshall v. Thurston Cty.*, 165 Wash. App. 346, 353 (2011) (quoting *Hayes v. City of Seattle*, 131 Wash.2d 706, 712 (1997)). As a result, Washington courts "generally focus on the asserted theory of recovery rather than simply the facts underlying the dispute." *Id.*

Here, both actions arose out of Plaintiff's involvement with and objections to the WSBA's lawyer discipline system, and involve the same parties. Moreover, in each lawsuit Plaintiff seeks a declaration by the court that the WSBA discipline system is unconstitutional and also seeks to enjoin Defendants from disciplining Plaintiff.[3] The Court concludes that the subject matter element is satisfied.

Finally, with regard to the second element, to determine whether the causes of action are identical, the Court considers the following four criteria:

> (1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

---

[3] In the state court action, Plaintiff also sought damages. Plaintiff originally sought damages in the instant case, *see* ECF No. 1, but his amended complaint (ECF No. 8) abandoned this request.

*Rains v. State*, 100 Wash.2d 660, 664 (1983) (citations omitted). "It is not necessary that all four factors favor preclusion to bar the claim." *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 867 (9th Cir. 1995) (citation omitted) (applying Washington law). The most important factor is whether the two suits arise from the same transactional nucleus of facts. *Id.* (citation omitted).

Here, a side-by-side comparison of the two complaints filed in both cases reveals that the factual allegations in each are nearly identical. *Compare* ECF No. 8 at ¶¶ 16-159 (amended complaint in the instant action), *with* ECF No. 16-2 at ¶¶ 19-123, 185-222 (amended complaint in the state court action). Similarly, the three causes of actions in this case are nearly identical to counts two, three, and four in the state court action, and allege violation of the same rights, namely Plaintiff's procedural due process and freedom of association rights. The Court concludes that the cause of action element is also fully satisfied.

Accordingly, because Plaintiff's claims were already adjudicated in state court, Plaintiff is foreclosed under the doctrine of res judicata from relitigating those claims here in federal court. Consequently, Defendants' motion to dismiss is **GRANTED**.

Because res judicata precludes this action, the Court will not address Defendants' remaining arguments for dismissal.

//

**ACCORDINGLY, IT IS ORDERED:**

1. Defendants' Motion to Dismiss (ECF No. 16) is **GRANTED**.
2. Plaintiff's claims are **DISMISSED with prejudice.**

The District Court Executive is directed to enter this Order, enter Judgment for Defendants, provide copies to the parties, and **CLOSE** this case.

**DATED** June 29, 2016.




THOMAS O. RICE
Chief United States District Judge